Steven **SPAW, Executive Director of the Texas Air Control Board, Appellants,**

v.

**W.R. GRACE & CO.–CONN., Appellee.**

No. 2–91–003–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 11, 1991.

Dan Morales, Atty. Gen., and David Preister, Asst. Atty. Gen., Environmental Protection Div., Austin, for appellants.

Baker & Botts, George T. Shipley, James E. Smith, Steven D. Cook, Jennifer Keane, Houston, Kelly, Hart & Hallman, and Wesley N. Harris, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

OPINION

HILL, Justice.

Steven Spaw, Executive Director of the Texas Air Control Board, appeals from the trial court's granting of a temporary injunction in favor of W.R. Grace & Co.—Conn. The injunction prohibits Spaw from enforcing a letter he wrote to Grace in November, 1990, and from attempting to modify either of two agreed orders of the

Texas Air Control Board. Spaw contends in two points of error that the trial court erred by refusing to sustain his plea to the jurisdiction and by abusing its discretion in granting the temporary injunction.

We reverse the temporary injunction and order this cause dismissed for want of jurisdiction because we hold that jurisdiction to determine the validity of Spaw's acting for the Board by means of his November, 1990 letter is with the district courts of Travis County in accordance with TEX. HEALTH & SAFETY CODE ANN. sec. 382.032(a) (Vernon Pamph.1991).

Spaw contends in point of error number one that the trial court erred by refusing to sustain his plea to the jurisdiction. In his plea, Shaw contended that section 382.-032(a) of the Health and Safety Code requires that such an action be brought in a district court of Travis County and that the 153rd District Court of Tarrant County lacks jurisdiction over the subject matter.

Section 382.032(a) of the Health and Safety Code requires that a person who wishes to appeal a ruling, order, decision, or other act of the Texas Air Control Board must file his petition in a district court of Travis County. *See State v. Associated Metals & Minerals Corp.*, 635 S.W.2d 407, 411 (Tex.1982).

Grace urges that the Tarrant County trial court has jurisdiction because its suit is against Spaw for acting illegally and not against the Board. It contends that it is not appealing any ruling, order, decision, or other act of the Board, only Spaw's action in writing a letter setting a deadline for it to obtain certain equipment, a deadline that is in conflict with the deadline set in a Board order.

Spaw's letter is a letter from himself as Executive Director of the Texas Air Control Board that on its face appears to be written under the authority of the Board pursuant to an agreed order between the Board and Grace, an order that was still in effect at the time the letter was written. The letter changes the date by which Grace was to install certain equipment to control emissions from a plant it operates in Tarrant County. The date set in the agreed

order that the letter conflicts with was itself set by a similar letter written by Spaw, the contents of which were incorporated into the agreed order. It is apparent from our record that the Executive Director is authorized generally by the Board to issue such letters. We hold that such a letter written by the Executive Director of the Texas Air Control Board, purportedly written pursuant to authority granted by a Board order, is an act of the Board for the purposes of section 382.032(a), even if such letter conflicts in some way with some other order of the Board. The validity of the action taken is determined once the appeal is taken to the Travis County district court. TEX. HEALTH & SAFETY CODE ANN. sec. 382.032(e).

Grace relies on the case of *Director, Etc. v. Printing Indus. Ass'n*, 600 S.W.2d 264, 266 (Tex.1980) for the proposition that an entity or person whose rights have been violated by the unlawful action of a State official may bring suit to remedy the violation or prevent its occurrence, and that such a suit is not a suit against the State requiring legislative or statutory authorization. Once the court stated that principle, it went on to determine whether the actions of the State officials were authorized. *Id.* The appeal was from a Travis County district court. In this case, as we have noted, the validity of Spaw's acting for the Board in the manner in which he did is for the district court of Travis County to determine. We sustain point of error number one.

In view of our determination as to point of error number one, we need not determine point of error number two. The order granting a temporary injunction is reversed, the temporary injunction is hereby dissolved, and this cause ordered dismissed for want of jurisdiction.